899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lemont HOPKINS, Plaintiff-Appellant,
v.
Thomas KERNS; Jacqueline E. Moss; Sander Johnson; Ronald
Gach; Theodore Anderson, Defendants-Appellees.
 No. 89-1962.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 Before MERRITT, Chief Judge; KRUPANSKY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Lemont Hopkins is a former Michigan prisoner who appeals pro se from the district court's dismissal of a civil rights case that he had filed under 42 U.S.C. Sec. 1983 (1982). The defendants in this case are two parole officers, who were involved in preparing a parole revocation case against Hopkins, and three members of the parole board, who decided that his parole should be revoked. Hopkin's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the appellant's brief, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Hopkins alleged that the defendants violated his constitutional rights by failing to hold his parole revocation hearing within forty-five days and by failing to prepare a written conclusion and notice of action. Cf. Mich.Comp.Laws Ann. Sec. 791.240(a) (West Supp.1989). He sought damages as well as declaratory and injunctive relief. The defendants were not required to file an answer to the complaint. Instead, the district court entered a sua sponte order and judgment dismissing the case under 28 U.S.C. Sec. 1915(d). In dismissing the case as frivolous, the district court considered whether it appeared "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." See Malone v. Colyer, 710 F.2d 258, 260-61 (6th Cir.1983). This standard is identical to the standard for dismissal of cases under Fed.R.Civ.P. 12(b)(6). Harris v. Johnson, 784 F.2d 222, 223-24 (6th Cir.1986). However, the district court's judgment was entered several months after the Supreme Court's recent decision in Neitzke v. Williams, 109 S.Ct. 1827 (1989). The holding in that case clearly states that a complaint is not automatically frivolous under Sec. 1915(d) solely because it fails to state a valid claim for relief. Id. at 1834.
 
 
 3
 Under Neitzke, a complaint may be dismissed as frivolous before the filing of responsive pleadings only when "it lacks an arguable basis either in law or fact." Id. at 1831. Thus, a complaint may be dismissed under Sec. 1915(d) if it relies on a legal interest which clearly does not exist or on a factual scenario that is fantastic or delusional. Id. at 1833. However, an indigent plaintiff who states an arguable claim is entitled to service of process even when it appears that he ultimately may not be entitled to relief. Id. at 1833-34.
 
 
 4
 Nevertheless, dismissal was appropriate in the present case even under the standard that was announced in Neitzke. Hopkins now concedes that his claims for injunctive and declaratory relief became moot when he was again paroled on September 28, 1989. Moreover, the district court correctly held that these claims must be dismissed because they pertain exclusively to the fact or duration of Hopkins's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). When a prisoner seeks release from confinement his sole remedy is a writ of habeas corpus. Id.
 
 
 5
 The district court also held that all of the defendants were entitled to absolute immunity with regard to Hopkins's damage claims because "[p]arole board members perform distinctly judicial duties." However, it was not necessary to determine the applicability of either absolute or qualified immunity in this case. This is so because Hopkins failed to allege that he was suing the defendants personally rather than in their official capacities. Thus, the eleventh amendment creates a jurisdictional bar to the district court's consideration of his monetary claims. See Wells v. Brown, 891 F.2d 591, 592-94 (6th Cir.1989). Therefore, dismissal of these claims under Sec. 1915(d) was appropriate because the defendants were entitled to sovereign immunity. See Neitzke, 109 S.Ct. at 1833. Dismissal was also appropriate because state employees who are sued in their official capacities are not "persons" who are subject to damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2312 (1989).
 
 
 6
 Accordingly, the district court's dismissal of this case under Sec. 1915(d) is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.