Harvey Douglas DIXON,
Plaintiff-Appellant,

v.

Lamar ALEXANDER and Harold
Bradley, Defendants-Appellees.

No. 83–5402.

United States Court of Appeals,
Sixth Circuit.

Argued May 1, 1984.

Decided Aug. 21, 1984.

Before LIVELY, Chief Judge, ED-WARDS and TIMBERS,* Senior Circuit Judges.

TIMBERS, Circuit Judge.

This appeal presents the anomalous situation where counsel for the State of Tennessee and counsel for a defendant in a state criminal case agreed to a plea bargain which was approved by the Tennessee trial court but which contained a parole provision in contravention of a Tennessee statute.

Appellant, after some proceedings in the Tennessee state courts, eventually commenced an action in the United States District Court for the Middle District of Tennessee, Western Division, seeking in effect to have the plea bargain enforced. The court, John T. Nixon, *District Judge*, ordered that the action be dismissed for failure to exhaust state remedies and for failure to state a claim upon which relief could be granted.

For the reasons stated below, we affirm, but we strongly urge the State of Tennessee to correct the obvious miscarriage of justice disclosed by this record, assuming that appellant makes a diligent effort to exhaust available state remedies.

## I.

On November 15, 1978, appellant was convicted in the Circuit Court of Carroll County, Tennessee, of the offense of kidnapping for ransom.[1] The court approved

---

* Of the Second Circuit, by designation.

1. Appellant was convicted under T.C.A. § 39–2603 (since revised and renumbered as T.C.A.

§ 39–2–301 (1983)) which at the time of appellant's conviction provided:

a plea bargain agreement pursuant to which appellant agreed to withdraw his plea of not guilty and enter a plea of guilty to the charge of kidnapping for ransom in exchange for the State's promise that appellant would receive, in the words of the agreement, "a sentence of twenty-five (25) years on the kidnapping charge, *with the possibility of parole* and this defendant will receive the same consideration for parole as other defendants in like cases...." (emphasis added).[2]

No direct appeal was taken from the judgment of conviction or from the order approving the guilty plea. Appellant began serving his sentence. The Tennessee Department of Corrections, however, relying on its interpretation of the "without possibility of parole" language of T.C.A. § 39–2603, refused to treat appellant as being eligible for parole. Appellant commenced an action in the Chancery Court of Davidson County, Tennessee, seeking a mandatory injunction to compel the Department of Corrections to treat him as if he were eligible for parole. The court declared the parole provision in the plea bargain agreement a nullity; dismissed the action on the ground that the kidnapping statute prohibited appellant from being considered for parole; and stated that appellant had a legal remedy, namely, filing for post-conviction relief in the county circuit court. The decision of the Chancery Court was affirmed by the Tennessee Court of Appeals. The Tennessee Supreme Court denied appellant's application to appeal.

On October 6, 1982, appellant commenced the instant action in the Middle District of Tennessee. He sought relief under 42 U.S.C. § 1983 (1982) or alternatively under 28 U.S.C. § 2254 (1982). In a memorandum and order dated May 23, 1983, Judge Nixon ordered that the civil rights claim be dismissed pursuant to Fed. R.Civ.P. 12(b)(6) and that the petition for a writ of habeas corpus be dismissed for failure to exhaust available state remedies. From the judgment entered on the court's memorandum and order, appellant has taken this appeal.

## II.

■ Turning first to the § 2254 claim, we hold that appellant's failure to exhaust state post-conviction remedies provided a proper basis for the district court's dismissal of this claim. In view of the posture of the case and our view expressed above that appellant has been the victim of a miscarriage of justice, our affirmance of the dismissal of the § 2254 claim does not end our inquiry. There remains to be considered what state remedies *are* available to appellant, since the only claim he has presented to those courts to date has been essentially a claim seeking enforcement of the plea bargain agreement. The Tennessee courts have held that the "with the possibility of parole" provision of that agreement contravenes the Tennessee kidnapping statute. We accept, as we must, Tennessee's construction of its own statute.

Before setting forth the state remedy which we suggest may be available to appellant if he chooses to invoke it, we be-

"Kidnapping for ransom—Penalty— Any person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps, or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains, such individual for ransom, reward or to commit extortion or to exact from relatives or friends of such person any money, or valuable thing, or any person who kidnaps or carries away any individual to commit robbery, or any person who aids or abets any such act, is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary for life or for a term of years not less than twenty

(20), without possibility of parole, at the discretion of the jury trying the same."

2. Although the trial court never specifically mentioned the matter of parole, the final paragraph of the judgment of conviction reflects the court's awareness of all aspects of the agreement:

"IT IS FURTHER ORDERED that the entire plea bargaining arrangement between the Office of the Attorney General, the Special Prosecutors, and all attorneys for all defendants, is hereby approved in its entirety, same having been made a part of the record in that cause."

lieve that it may be helpful briefly to refer to certain decisions of the Supreme Court and of other federal courts, including ours, where plea bargains have been considered in the context of federal constitutional claims (even though that posture of this case has not yet been reached in view of the failure of appellant to date to exhaust state remedies).

In *Santobello v. New York*, 404 U.S. 257 (1971), the Supreme Court stated that courts must labor diligently to ensure that bargaining which accompanies a guilty plea satisfies the constraints of fundamental fairness. *Id.* at 261–63. In the past we have interpreted *Santobello* to mean that a state prosecutor's breach of a plea bargain is a violation of the federal constitution cognizable under § 2254. *McPherson v. Barksdale*, 640 F.2d 780 (6th Cir.1981); *Bercheny v. Johnson*, 633 F.2d 473 (6th Cir.1980). It is undisputed in the instant case that, prior to the oral argument before us on May 1, 1984, the State of Tennessee had not complied with the plea bargain agreement which had been accepted by appellant and had been approved by the state trial court. Federal habeas corpus relief, therefore, under proper circumstances might be an option available to appellant— when such relief is ripe for consideration by a federal court. The question remains as to what relief is available to a defendant, such as the instant appellant, who claims that a state has breached a plea bargain.

In *Santobello*, the Supreme Court remanded to the state court the question of ultimate relief. The Court thought that the state court was in a better position to decide whether the circumstances called for specific performance or permitting appellant to withdraw the plea. Justice Douglas, in joining the plurality opinion to let the state court make the decision regarding ultimate relief, added that the state court "ought to accord a defendant's preference considerable, if not controlling, weight in-

asmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the State." *Santobello, supra*, 404 U.S. at 267 (Douglas, J., concurring). While *Santobello* did not involve a federal habeas corpus proceeding,[3] the views expressed by the Court regarding the fundamental fairness requirements that attach to a plea bargain agreement are significant in the context of the instant case.

The Third Circuit, in a case that did involve a habeas corpus petition, followed *Santobello* and left the remedy for a broken plea bargain to the sound discretion of the state court. *Patrick v. Camden County Prosecutor*, 630 F.2d 206 (3d Cir.1980). Other courts have ordered that a broken plea bargain be specifically enforced. *E.g., United States ex rel. Ferris v. Finkbeiner*, 551 F.2d 185 (7th Cir.1977), *cert. denied*, 435 U.S. 932 (1978). In that case, the defendant agreed to a plea bargain for a sentence of five to ten years only after the trial court had informed him that he would not have to serve the five year parole term required by statute. The Seventh Circuit held:

> "Since [the defendant] has substantially begun performing his side of the bargain, it would not be fair to vacate the plea and require him to go through the procedure anew. Fundamental fairness can be had by limiting his term of custody to that portion of the sentence which comports with the bargain made."

*Id.* at 187.

We also have been faced with broken plea bargains in the context of petitions for habeas corpus relief. *E.g., McPherson v. Barksdale, supra; Bercheny v. Johnson, supra.* In *McPherson*, we examined *Santobello* and concluded that breach of a plea bargain is a constitutional violation cognizable under § 2254, but we also concluded that "federal courts lack the supervisory authority to specify the remedy". *McPherson*, 640 F.2d at 781. In the instant case,

---

3. *Santobello* was an appeal from a state court decision which affirmed the appellant's convic-

tion despite the broken plea bargain.

we do not even reach the merits since appellant has failed to exhaust his available remedies in the state courts before applying for federal habeas corpus relief.

The exhaustion requirement of § 2254(b) and (c) and the doctrine of comity upon which it rests have been characterized as a natural component of our dual system of government. *E.g., Rose v. Lundy*, 455 U.S. 509, 518 (1982). The Supreme Court has held that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights". *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). Appellant concedes that he has not yet sought to present his claim to the state courts under the Tennessee Post Conviction Procedure Act, T.C.A. § 40–30–101 *et seq.* (1982), especially §§ 40–30–105 and 40–30–118(a).[4]

Appellant argues that state court relief would be inadequate. He contends that the only relief he could obtain under such statutes would be a new trial whereas what he wants is to enforce the existing plea bargain. We disagree with his analysis and especially with his assertion of the futility of seeking post-conviction relief under the statutes referred to.

The first step that appellant and his counsel should consider would be to apply for state habeas relief, specifically to void the guilty plea. At that point, without the necessity of a new trial, appellant and the State could reopen plea bargain negotiations. At oral argument before us, the Assistant Attorney General for Tennessee suggested that it would be reasonable during such new negotiations for the State to offer appellant a sentence which would be the functional equivalent of appellant's original bargain and yet conform with state law. For instance, the Assistant Attorney General stated that, in exchange for the State's charging appellant with a lesser included offense that would allow for a sentence of twenty-five years *with* the possibility of parole, appellant could plead guilty to that offense. In this way, consistent with the principles of comity, the state courts and the state executive offices would be given the opportunity to rectify an alleged violation of constitutional rights without the intervention of the federal courts. Then, if the guilty plea were not vacated by the state court, or if the plea were vacated but the State then failed to agree to a sentence equivalent to the original bargain, at that point appellant would have exhausted available state court remedies and thus would be in a position, if he chose to do so, to apply for appropriate federal habeas corpus relief.

### III.

There remains to be considered appellant's § 1983 claim. The Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973), examined the relationship between the habeas corpus statutory provisions, 28 U.S.C. §§ 2241(c) and 2254, and the Civil Rights Act, 42 U.S.C. § 1983, and concluded that:

"In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."

---

4. Sections 40–30–105 and 40–30–118 provide:

**40–30–105. Grounds for relief.**—Relief under this chapter shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either constitution requires retrospective application of that right.

**40–30–118. Final disposition of petitions.** —(a) If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, the court shall vacate and set aside the judgment or order a delayed appeal as hereinafter provided and shall enter an appropriate order and any supplementary orders that may be necessary and proper. Costs shall be taxed as in criminal cases.

Appellant asserts that he is challenging the conditions of his prison life since he is not being treated as a prisoner eligible for parole. As a result of this confinement status, he claims that he has been denied the possibility of work release, the opportunity to work in the agricultural enterprises at the penitentiary, and other privileges accorded to prisoners being held "with the possibility of parole". These are not insignificant claims.

The Court in *Preiser, supra,* 411 U.S. at 499, reasserted that a prisoner had the right under § 1983 to present "claims related solely to the States' alleged unconstitutional treatment of them while in confinement"; [5] or to use federal habeas corpus to challenge such prison conditions; [6] or even to use § 1983 to litigate claims in the federal court relating to prison conditions while simultaneously exhausting state remedies on claims relating to the fact or length of confinement. *Id.* at 499 n. 14.

On the instant appeal, however, we hold that appellant's claims relating to the conditions of his confinement are simply derivative of the possibility-of-parole claim, i.e., the length of his confinement. The former claims are completely subsumed by the latter claim. Under *Preiser,* we are precluded from ruling on this type of § 1983 claim.

We affirm the judgment of the district court dismissing the § 2254 and § 1983 claims. In doing so, however, we earnestly hope that counsel for appellant and counsel for the State of Tennessee will take the necessary steps promptly to correct the obvious miscarriage of justice reflected by this record—to avert what otherwise may be the inevitable intervention by the federal courts, in a proper habeas corpus proceeding, to determine whether the instant plea bargain agreement is being implemented in accordance with the standards of

fundamental fairness required by the United States Constitution.

No costs on this appeal.

Affirmed.

---

**5.** On the matter of challenging only *conditions* of confinement, the Court cited among other cases, *Cooper v. Pate,* 378 U.S. 546 (1964) (solely because of religious beliefs, prisoner had been denied permission to purchase certain religious publications and had been denied other privileges enjoyed by fellow prisoners) and *Wilwording*

*v. Swenson,* 404 U.S. 249 (1971) (complaints related solely to prisoners' living conditions and disciplinary measures while confined in maximum security). *Preiser v. Rodriguez, supra,* 411 U.S. at 498.

**6.** *Wilwording v. Swenson,* note 5, *supra,* at 251.