791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KARL BUERGER, Petitioner-Appellant,
v.
STATES OF OHIO & INDIANA, ET AL., Respondents-Appellees.
 85-3444
 United States Court of Appeals, Sixth Circuit.
 4/1/86
 AFFIRMED
 S.D.Ohio
 ORDER
 
 1
 BEFORE: MARTIN and GUY, Circuit Judges; REED, District Judge.*
 
 
 2
 This Ohio prisoner appeals from a district court judgment dismissing his suit seeking habeas corpus relief under 28 U.S.C. Sec. 2254 and other relief under the federal Racketeer Influenced and Corrupt Organizations ('RICO') act, 18 U.S.C. Secs. 1961-68. Petitioner sought to attack his 1980 jury conviction of rape for which he received a term of seven to twenty-five years imprisonment. Although he admitted to filing other habeas suits attacking this conviction, petitioner stated that this suit was presenting claims wider in scope against the States of Indiana and Ohio and various governmental officials alleging systematic corruption and obstruction of justice as evidenced by the fraudulent manner in which he was criminally prosecuted. Upon review of the cause, the district court observed that petitioner already had pending with the court another habeas action attacking the same conviction on substantially similar grounds. As to the dissimilar claims, the district court advised the petitioner that he could file a motion to amend the other habeas petition to include the new claims. It also noted that petitioner had filed three other habeas suits in the district court, and four other civil rights suits. Under the circumstances, the district court dismissed the petition as a successive petition.
 
 
 3
 On appeal, petitioner emphasizes that he sought civil remedies available to him under RICO, and not just relief available under 28 U.S.C. Sec. 2254.
 
 
 4
 The dismissal of petitioner's suit as a successive habeas petition was not an abuse of the district court's discretion. Leroy v. Marshall, 757 F.2d 94, 97 (6th Cir.), cert. denied, 106 S.Ct. 99 (1985). Pursuant to Rule 9(b) of the Rules governing actions filed under 28 U.S.C. Sec. 2254, a second or successive petition may be dismissed if it alleges grounds for relief which could have and should have been presented in a prior petition. Woodward v. Hutchins, 104 S.Ct. 752 (1984) (per curiam); Sanders v. United States, 373 U.S. 1, 18 (1963); Jones v. Estelle, 722 F.2d 159, 163 (5th Cir. 1983), cert. denied, 104 S.Ct. 2356 (1984). The predominent consideration in determining whether to dismiss a petition as successive is whether the 'ends of justice' would be served by entertaining the petition; the burden of which is for the petitioner to prove by the preponderance of the evidence. Sanders v. United States, supra, 373 U.S. at 18; Jones v. Estelle, supra, 722 F.2d at 164. In the instant case, no evidence has been submitted to justify the district court entertaining two habeas corpus petitions which attack the same state court conviction on substantially similar grounds. The suit is in large part not only successive but identical to the habeas suit which petitioner had already filed and had pending at the time of dismissal of this suit. The dissimilar claims could even be asserted in the other pending suit by way of a motion to amend. Under these circumstances, the petitioner's suit was properly dismissed as a successive habeas petition.
 
 
 5
 As a novel attempt to state a claim under RICO, it is likewise clear that the district court properly refused to entertain the claims because policy considerations strongly dictate that a federal court stay its hand and not address RICO claims which necessarily impugn the validity of a conviction, especially a state court conviction, and instead first require the plaintiff to attack his conviction on appeal or in a collateral proceeding under 28 U.S.C. Sec. 2254 or Sec. 2255 before consenting to entertain the claims as asserted under the federal RICO act. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985) (per curiam); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir. 1984).
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Scott Reed, U.S. District Judge for the Eastern District of Kentucky, sitting by designation