849 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alvin DAVIS, Plaintiff-Appellant,
v.
Ron SIMMONS, Newton McCravy, Larry Ball, Joanie
Abramson-Miller, John Runda, Dennis Langley and
Helen Hughes, Defendants-Appellees.
 No. 87-6378.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1988.
 
 Before CORNELIA G. KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for an injunction and for counsel on appeal from the district court's order dismissing this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff is a prisoner at the Kentucky State Penitentiary. The defendants are the members of the Kentucky Parole Board. In his complaint, the plaintiff alleges that the Board members denied him parole even though his persistent felony offender conviction was invalid. The district court dismissed the case on the basis that the plaintiff had failed to state a constitutional violation.
 
 
 3
 The general rule is that pro se civil rights complaints are liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Here the plaintiff's complaint can be read to attack the sufficiency of the evidence concerning his persistent felony offender conviction. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). As such, the allegations do state a constitutional question.
 
 
 4
 The plaintiff's request for relief, however, only seeks release from confinement in the form of parole. If a prisoner challenges the fact and duration of his confinement, his sole remedy is habeas corpus, not Sec. 1983. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). Therefore, the district court was correct to dismiss the case, but the dismissal should have been without prejudice to the plaintiff's right to file a habeas petition raising this issue.
 
 
 5
 The motions for an injunction and for counsel are denied. The judgment of the district court is vacated and the case is remanded under Rule 9(b)(6), Rules of the Sixth Circuit, for the entry of an order dismissing the case without prejudice.