860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HEWINS, Plaintiff-Appellant,
v.
John WIGGINTON, Secretary of Corrections; John Runda, Chmn
Parole Board; Steve Smith, Warden LLCC; Dennis
Wagner, KSR, MGR. Sex Offender Prog.;
Marie Trgovac, LLCC Counselor,
Defendants-Appellees.
 No. 88-5390.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff brought this action under 42 U.S.C. Sec. 1983 claiming that his due process rights were violated when the Kentucky Parole Board decided to defer a decision as to whether to release him on parole for two years, until he completed Kentucky's sex offender treatment program. In addition, he claimed that he was denied admission to the program because of the program's limited capacity and because a counselor decided that he was not likely to benefit. The defendants are various state prison officials. Plaintiff requested only injunctive relief. The district court dismissed the complaint as frivolous because plaintiff failed to state a claim for relief under 42 U.S.C. Sec. 1983.
 
 
 3
 Upon consideration, we affirm but for reasons other than those stated by the district court. Rather than considering this case as a civil rights action, we believe plaintiff essentially sought a writ of habeas corpus. In effect, he challenged the duration of his confinement and sought a speedier release from prison. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). He may not do this, however, in a civil rights complaint. He may do this only in a petition for writ of habeas corpus under 28 U.S.C. Sec. 2254 following exhaustion of state court remedies. There being no showing that he has exhausted his state court remedies prior to bringing this suit, it was properly dismissed.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.