860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin BUTLER, Jr., Plaintiff-Appellant,
v.
William J. HUDSON, et al., Defendants-Appellees.
 No. 88-1440.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner requests the appointment of counsel in his appeal from the district court's judgment dismissing his civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the plaintiff's brief, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed under 42 U.S.C. Sec. 1983, plaintiff Benjamin Butler alleged that defendants, members of the Michigan Parole Board, deprived him of state and federally protected rights by denying him parole review and parole to community placement. Butler is presently serving a one-to-four year sentence on a conviction for larceny within a building (shoplifting). Butler alleged that he has been granted "parole to detainer" lodged by the State of Illinois, that Illinois has failed to come for him, and that contrary to Michigan law, defendants have refused to review the parole decision and to release him to community placement. He sought compensatory and punitive damages and declaratory and injunctive relief, including a temporary restraining order that would grant him immediate release from imprisonment.
 
 
 3
 The district court denied the request for temporary relief; Butler filed a motion for reconsideration. On review of the motion for reconsideration, the district court determined that the allegations were insufficient to state a claim for relief under 42 U.S.C. Sec. 1983 and that the complaint was properly construed as a petition for a writ of habeas corpus. The complaint was dismissed pursuant to 28 U.S.C. Sec. 1915(d) without prejudice to Butler's right to refile his claims after exhausting state remedies.
 
 
 4
 Upon review we conclude that dismissal under 28 U.S.C. Sec. 1915(d) was proper because it appears beyond doubt that Butler can prove no facts that would entitle him to the relief he seeks. See Harris v. Johnson, 784 F.2d 222 (6th Cir.1986); Malone v. Colyer, 710 F.2d 258 (6th Cir.1983).
 
 
 5
 First, the district court properly construed the complaint as a petition for writ of habeas corpus. Plaintiff's claims concern the fact or duration of his confinement and may not be pursued under 42 U.S.C. Sec. 1983. See Preiser v. Rodriquez, 411 U.S. 475, 490 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). Contrary to plaintiff's arguments, a claim for damages is not actionable under Sec. 1983 if it requires a determination of the validity of the fact or duration of the confinement. See Todd v. Baskerville, 712 F.2d 70, 72-3 (4th Cir.1983).
 
 
 6
 Second, the district court properly dismissed the complaint due to Butler's failure to exhaust state remedies. An attack upon the fact or duration of confinement must be pursued through a habeas corpus proceeding after exhaustion of state remedies. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Hanson v. Heckel, 791 F.2d 93 (7th Cir.1986). Because Butler admitted state remedies were not exhausted, the complaint was properly dismissed.
 
 
 7
 Accordingly, the request for appointment of counsel is denied and the district court's judgment of dismissal, filed April 14, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.