895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lenvill SPENCER, Plaintiff-Appellant,
v.
SHERIFF OF KNOX COUNTY, West American Insurance Company,
Bluegrass Insurance Agencies, Circuit Judge Hinto,
County District Judge Elswick,
Defendants-Appellees.
 No. 89-5662.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se West Virginia prisoner appeals the district court's order dismissing as frivolous his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Lenvill Spencer filed his complaint in the district court for the Eastern District of Tennessee against the sheriff of Knox county, Tennessee; West American Insurance Company, Hamilton, Ohio; Bluegrass Insurance Agencies, Lexington, Kentucky; and two Kentucky state court judges.
 
 
 3
 Spencer stated that defendants violated his civil rights by detaining him under false pretenses and breach of contract; he claimed that he is being held on unjust civil and criminal charges. He complained that he was denied meals, prescription medication, use of the phone and showers while held in West Virginia jails, that he was denied an extradition hearing in Tennessee and that his transfer to West Virginia was essentially a kidnapping. Finally he alleged that defendants forged his signature to numerous documents filed in federal district court without his authorization. Spencer requested monetary damages, reversal of his convictions and release from confinement.
 
 
 4
 The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). On appeal, Spencer asserts that he has been denied due process. He renews his claims and requests the appointment of counsel.
 
 
 5
 Upon review we conclude that Spencer's complaint is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). First, Spencer's claims for injunctive relief, i.e., reversal of his convictions and release from confinement, lacked an arguable basis in law because Spencer is not entitled to such relief under 42 U.S.C. Sec. 1983. Spencer's sole remedy is through a petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984).
 
 
 6
 Although Spencer cites to 28 U.S.C. Sec. 2254, the district court did not err by declining to construe the complaint as a petition for a writ of habeas corpus. Spencer failed to show exhaustion of state remedies or to present grounds for granting federal habeas relief. See 28 U.S.C. Sec. 2254(b); Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987).
 
 
 7
 Second, Spencer has no legal basis for asserting the false imprisonment and malicious prosecution claims because these claims are barred by the principles of res judicata and collateral estoppel. Because the claims are frivolous in light of these defenses, sua sponte dismissal was proper. See Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987).
 
 
 8
 Third, Spencer's challenges to the conditions of his confinement in West Virginia were properly dismissed for lack of jurisdiction because any connection between the conduct of named defendants and his treatment by West Virginia authorities is attenuated and insubstantial. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). His claim of forged court documents lacks a basis in fact. See Neitzke, 109 S.Ct. at 1833.
 
 
 9
 Accordingly, the request for appointment of counsel is denied, and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.