911 F.2d 733
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Allen PETERS, Plaintiff-Appellant,
v.
John C. RUNDA, Phillip R. Baker, Larry R. Ball, James
Grider, Helen Howard-Hughes, Lou Karibo, Newton
McCravy, Jr., John T. Wigginton,
Defendants-Appellees.
 No. 89-6592.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 1
 Before WELLFORD and SUHRHEINRICH, Circuit Judges, and HOLSCHUH, Chief District Court Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 James Allen Peters filed a complaint under 42 U.S.C. Sec. 1983 against seven members of the Kentucky Parole Board and the Secretary of the Corrections Cabinet. Seeking declaratory and injunctive relief, Peters alleged that the defendants violated his civil and constitutional rights by their arbitrary and capricious actions with respect to his parole-release hearing and continued denial of parole eligibility. Specifically, Peters alleged that the reasons provided by the Board for denying his eligibility for parole were insufficient under the requirements set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). Peters further contended that the defendants created a reasonable expectation of parole release by deferring his parole eligibility for less than the maximum of eight years and prescribing certain rehabilitative measures to be taken during the one-year deferment, with which he fully complied. The district court granted Peters' motion to proceed in forma pauperis but dismissed the complaint sua sponte as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Upon review, we conclude that the district court properly dismissed the complaint as frivolous, as it lacks an arguable basis in law. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Peters has no constitutional right and no recognizable legal interest in an early parole. See Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Further, Kentucky state law has not created a liberty interest in parole eligibility, as the state's parole statute does not contain mandatory language which creates a presumption that parole release will be granted when designated findings are made or that release will be forthcoming unless specified conditions are found. Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1910 (1989); Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 9 (1979). The district court properly dismissed the complaint without prejudice to Peters' right to file a petition for habeas corpus raising the issues he now presents, in that Peters is essentially challenging the duration of his confinement, with the appropriate remedy found in habeas relief rather than in a Sec. 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Dixon v. Alexander, 741 F.2d 121, 125 (6th Cir.1984).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation