915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd BOLER, Plaintiff-Appellant,
v.
John T. WIGGINTON, Secretary of Corrections Cabinet, John C.
Runda, Chairman, Kentucky Parole Board, Leonard Miller,
Division of Mental Health, Frederic Cowan, Attorney General,
All in their individual and official capacities, Defendants-Appellees.
 No. 90-5361.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1990.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 Floyd Boler is a pro se Kentucky prisoner who appeals the district court's dismissal of a civil rights action that he had brought under 42 U.S.C. Sec. 1983. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Boler alleges that the defendants have violated his constitutional rights by requiring him to complete a special program for sex offenders as a condition of his eligibility for parole. Cf. Ky.Rev.Stat. Secs. 197.400-440 and 439.340. Boler's primary argument is that the fifth and fourteenth amendments have been violated because he cannot participate in this program unless he admits his guilt. On January 24, 1990, the district court entered a judgment that adopted a magistrate's recommendation and dismissed the case "without prejudice to plaintiff's right to refile if he establishes through a petition for a writ of habeas corpus that his federal constitutional rights have been abridged." Boler filed a "motion for rehearing" which the district court construed as a motion to alter or amend its judgment under Fed.R.Civ.P. 59(e). On February 21, 1990, the court entered an order which denied that motion. It is from this order that Boler now appeals.
 
 
 4
 The denial of a motion under Fed.R.Civ.P. 59 is within the sound discretion of the district court. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122-23 n. 5 (6th Cir.1982). Upon review, we conclude that the district court did not abuse its discretion by not changing its original judgment in this case. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985); Dixon v. Alexander, 741 F.2d 121, 125 (6th Cir.1984). However, we construe the dismissal of Boler's complaint under Fed.R.Civ.P. 12 rather than 28 U.S.C. Sec. 1915(d) because a claim may have an arguable basis in law even though it is not cognizable under Hadley. Cf. Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989).
 
 
 5
 Accordingly, it is hereby ORDERED that Boler's request for counsel is denied and that the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation