918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph L. SILVERBURG, Plaintiff-Appellant,
v.
Carol STEWART, in her Official Capacity, J.W. Deese, John T.
Wigginton, Defendants-Appellees.
Joseph L. SILVERBURG, Plaintiff-Appellant,
v.
Carol STEWART, in her Official and Individual Capacity, J.W.
Deese, John T. Wigginton, Danny Yeary, in his
Individual Capacity, Larry Macquown, in
his Individual Capacity,
Defendants-Appellees.
 Nos. 90-5311, 90-5930.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph L. Silverburg, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Silverburg sued several Kentucky parole officials. Silverburg alleged violations of his constitutional rights in his parole revocation proceedings.
 
 
 3
 Over Silverburg's objections, the district court adopted the magistrate's initial report recommending the dismissal of two parties to the suit and that service of process issue as to the remaining defendant. Silverburg appeals from this order in Case No. 90-5311. Silverburg subsequently filed several amended complaints, naming additional defendants. Over his objections, the district court adopted the magistrate's second report recommending dismissal of Silverburg's remaining claims as frivolous under 28 U.S.C. Sec. 1915(d). Silverburg appeals this judgment in Case No. 90-5930. In his brief, he requests the appointment of counsel and a free transcript at government expense.
 
 
 4
 Upon review, we conclude that Silverburg cannot obtain equitable relief for his parole revocation through a Sec. 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). Rather, his only proper remedy is to pursue a writ of habeas corpus. 411 U.S. at 490; 741 F.2d 1245.
 
 
 5
 Additionally, a federal court must stay its hand where disposition of a money damages action would involve a ruling which implies that a state conviction is or would be illegal. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). However, a dismissal of such a claim should be without prejudice to Silverburg's opportunity to refile his Sec. 1983 claim if and when he establishes, through a petition for writ of habeas corpus, that he was denied his constitutional rights. Id.
 
 
 6
 Accordingly, we deny Silverburg's requests for counsel and transcript, and affirm the district court's judgment dismissing his equitable claims with prejudice and affirm the judgment, as herein modified to be without prejudice, dismissing his monetary claims. Rule 9(b)(5), Rules of the Sixth Circuit.