23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William TAYLOR, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; Commissioner, Tennessee Department of
Corrections; Howard Carlton, Warden, Defendants-Appellees.
 No. 93-6522.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges, and HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 William Taylor appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Taylor filed his complaint in the district court alleging that his consecutive sentences of 24 years of imprisonment for each of two aggravated rape convictions are illegal. Plaintiff sued defendants in unspecified capacities and sought only an order directed to the Tennessee Department of Corrections that plaintiff's sentences be concurrently served. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and certified that an appeal would be frivolous as well. The court denied a motion for reconsideration and to amend the complaint in which plaintiff asserted that his convictions are illegal and sought money damages. Thereafter, plaintiff filed a timely notice of appeal and has paid the filing fee.
 
 
 4
 Upon consideration, we conclude that the dismissal without prejudice was proper for the reasons stated by the district court in its order filed September 13, 1993. Generally, if a prisoner challenges the duration of his confinement and seeks a speedier release, his sole remedy is in habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). A federal court should not entertain the merits of a civil rights action under 42 U.S.C. Sec. 1983 where a ruling would imply the illegality of a state conviction or sentence. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). Accordingly, the dismissal without prejudice in this case was proper.
 
 
 5
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation