35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald SLATTON, Plaintiff-Appellant,
v.
Reginald WILKINSON; Raymond Capots, et al., Defendants-Appellees.
 No. 94-3120.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Ronald Slatton, an Ohio state prisoner proceeding without benefit of counsel, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive and declaratory relief, Slatton brought suit against the Director of the Ohio Department of Corrections and the Chairman and members of the Ohio Adult Parole Authority. He alleged that the defendants wrongfully denied him parole without sufficient reasons and that such action was arbitrary and capricious. The district court granted Slatton's petition to proceed in forma pauperis, construed Slatton's complaint as a petition for a writ of habeas corpus, and dismissed the suit pursuant to 28 U.S.C. Sec. 1915(d) without prejudice and with directions to pursue relief through a petition for a writ of habeas corpus after exhausting available state remedies.
 
 
 4
 In his timely appeal, Slatton argues that he does not seek an immediate or speedier release from prison, but that he wants to change the Ohio parole decision procedure. Therefore, he contends, the ground for the dismissal of his complaint was improper.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Slatton's complaint pursuant to 28 U.S.C. Sec. 1915(d). A complaint, permitted to be filed under 28 U.S.C. Sec. 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitze v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist. Id. at 327-28. This court reviews a judgment dismissing a complaint pursuant to Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 The district court properly dismissed Slatton's civil rights complaint as legally frivolous because Slatton sought an immediate or speedier release from prison. If a state prisoner attacks the fact or length of his confinement and seeks a speedier release, the prisoner must seek relief by filing a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). The district court did not abuse its discretion because the core of Slatton's complaint challenges the length of his confinement and his sole remedy is via a petition for a writ of habeas corpus.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation