Larry RUSSELL, Petitioner,

v.

A.C. GILLESS, et al., Respondents.

No. 94–2831–Ml/Bre.

United States District Court,
W.D. Tennessee,
Western Division.

Nov. 15, 1994.

Larry Russell, pro se.

## ORDER OF DISMISSAL

McCALLA, District Judge.

Plaintiff, Larry Russell, a detainee at the Shelby County Criminal Justice Complex (Jail), has filed a third complaint regarding his confinement. The Court construed the first two cases as habeas petitions under 28 U.S.C. § 2241 and dismissed them. *See Russell v. Gilless*, No. 94–2492–Ml/Bre (W.D.Tenn. June 29, 1994); *Larry Russell v. A.C. Gilless*, No. 94–2647–H/Bro (W.D.Tenn. Sept. 20, 1994).

Having failed in his attempts to persuade the Court to recognize his claim under the habeas statutes, Russell now turns to a civil rights action. He again alleges that he is detained without an arrest warrant on suspicion of being a fugitive from justice in the State of Mississippi and on suspicion of violating the conditions of his parole from the State of Tennessee.

In this complaint he sues Shelby County Sheriff, A.C. Gilless and Parole Officer Polk Puryear of the Tennessee Board of Paroles. After it was filed, he submitted an amendment, naming two additional defendants: Betty Appling of the Sheriff's Department Fugitive Squad, and T. Cash, who allegedly serves on a Federal task force with some responsibility related to fugitives.

The gravamen of his complaint continues to be that he is being illegally detained. The amendment, like his original complaints, is so grammatically confusing and semi-coherent that it is unclear exactly why he claims his detention is illegal.

■ For a State prisoner who challenges "the very fact or duration of his physical imprisonment and [who] seeks ... immediate release or a speedier release from that imprisonment, [the] sole federal remedy is a writ of habeas corpus." *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir.1985) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973)). Plaintiff's complaint clearly seeks speedier release from imprisonment. This section 1983 claim is therefore **DISMISSED**. His claim for damages cannot be maintained in Federal court until the underlying habeas claims have been presented to a State court. *Hadley v. Werner*, 753 F.2d at 516; *Dixon v. Alexander*, 741 F.2d 121, 125 (6th Cir.1984). *Cf. Heck v. Humphrey, Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (no section 1983 claim for false arrest or malicious prosecution until State proceeding concluded in plaintiff's favor or conviction set aside).

■ Furthermore, Parole Board members enjoy absolute immunity for actions taken in connection with determining whether to grant or deny parole. *Farrish v. Mississip-*

*pi State Par. Bd.*, 836 F.2d 969, 973–74 (5th Cir.1988). *See also Murray v. Miller*, 89–5506, 1989 WL 149987, at *1, 1989 U.S.App. LEXIS 18799, at *2 (6th Cir. Dec. 12, 1989) (following *Farrish* ).

Accordingly, construed as a section 1983 complaint, this complaint lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez*, 504 U.S. 25, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

As the complaint is frivolous, it is **DISMISSED** pursuant to 28 U.S.C. § 1915(d).

To the extent that the complaint should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petition raises claims identical to those previously dismissed. For the reasons expressed in the earlier orders of dismissal, this petition cannot be entertained for want of exhaustion of available state remedies. *See, e.g. Braden v. 30th Jud.Cir.Ct. of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). *See also Norton v. Parke*, 892 F.2d 476, 478 n. 5, 479 (6th Cir.1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1533, 108 L.Ed.2d 772 (1990); *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir.1987); *Atkins v. State of Mich.*, 644 F.2d 543, 546 & n. 1 (6th Cir.), *cert. denied*, 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981).

Accordingly, "it appears from the application that the applicant or person detained is not entitled" to any relief, 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition for the writ of habeas corpus is denied.

■ The next issue to be. addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Ac-

cordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n. 1 (2nd Cir.1983). The same considerations that lead the court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore **CERTIFIED,** pursuant to 28 U.S.C. § 1915(a), that any appeal in this matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

Construed as a habeas petition, as the petition does not raise even an arguable claim that petitioner has exhausted his available state remedies, any appeal in this matter is certified under 28 U.S.C. § 1915(a) to be not taken in good faith.

Finally, the court ORDERS that this plaintiff file no further actions in this court seeking release from imprisonment or seeking damages from the law enforcement officials who have arrested or confined him until after he has exhausted his state remedies. In particular, plaintiff will have a right to appeal any determination either to violate his parole or sentence him to a new term of imprisonment. He shall file no further complaints on the above claims, now three times dismissed as frivolous, without having first properly exhausted his state remedies, including seeking permission to appeal a final determination by the Tennessee Court of Criminal Appeals or Court of Appeals to the Tennessee Supreme Court. Any case filed before that time will be dismissed, and this court will then impose sanctions for violation of Rule 11 and for abusing the judicial process with malicious and wasteful lawsuits. The sanctions may include, without limitation, the imposition of a fine that may be deducted directly from plaintiff's prison or jail trust fund account, regardless of his place of confinement, and an order more severely restricting his filing privileges.

**IT IS SO ORDERED.**