99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sherman Alexander HENDERSON; Kevin Ford; Norfleet Clay,
Plaintiffs-Appellants,
Ricky S. Keller, Plaintiff,
v.
Ned Ray McWHERTER, individually and in his official capacity
as Governor of the State of Tennessee; Christine J.
Bradley, individually and in her official capacity as
Commissioner of the Tennessee Department of Corrections;
Charles B. Bass, individually and in his official capacity
as Assistant Commissioner of the Tennessee Department of
Corrections, Defendants-Appellees.
 No. 95-6612.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1996.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges; JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 Sherman Alexander Henderson, Kevin Ford, and Norfleet Clay, pro se Tennessee prisoners, appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Henderson, Ford, Clay and a fourth inmate sued Tennessee's governor and two prison officials, in their individual and official capacities. The plaintiffs asserted that the cancellation of their safety valve (early release) hearings pursuant to a directive by the governor violated their rights to procedural due process, substantive due process and equal protection, as well as their right to be free from cruel and unusual punishment and from ex post facto laws. They also asserted that the defendants' actions violated the state constitution. The magistrate judge initially interpreted the complaint as a challenge to the duration of the plaintiffs' confinement, and recommended dismissing the case because such claims may only be brought by a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The district court rejected the recommendation, reasoning that the suit could be brought under § 1983 as the plaintiffs merely challenged the parole eligibility process and did not allege that they were entitled to parole. Thereafter, the magistrate judge issued another report, recommending that the suit be dismissed for failure to state a claim. Over the plaintiffs' objections, the district court adopted the magistrate judge's report and granted the defendants' motion to dismiss.
 
 
 4
 In their timely appeal, Henderson, Ford and Clay reassert their same claims.
 
 
 5
 Upon review, we conclude the district court's judgment should be affirmed, but for reasons other than those stated by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996).
 
 
 6
 The plaintiffs' challenge to the governor's directive is, in essence, a challenge to the length of their sentences. While a safety valve hearing does not guarantee early release, it nonetheless directly affects the prisoner's length of incarceration and thus is more properly brought as a petition for habeas relief. See Dixon v. Alexander, 741 F.2d 121, 125 (6th Cir.1984) (a "possibility of parole" claim was allowed to proceed as a § 2254 action). As the Supreme Court stated in Preiser, "habeas corpus relief is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." 411 U.S. at 490. Furthermore, a § 1983 claim must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). As the plaintiffs' confinement has not been remedied by a writ of habeas corpus, their claims are not cognizable and the district court did not abuse its discretion by dismissing the complaint.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation