Benjamin Len BULLOCK,
Plaintiff–Appellant,

v.

Kenneth L. MCGINNIS, et al.,
Defendants–Appellees.

No. 00–1591.

United States Court of Appeals,
Sixth Circuit.

Feb. 14, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

Benjamin Len Bullock, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his 42 U.S.C. § 1983 civil rights complaint as frivolous and for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and 42 U.S.C. § 1997e(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking equitable and monetary relief, Bullock filed a complaint against the following Michigan Department of Corrections ("MDOC") officials: Kenneth McGinnis, former director of the MDOC; Bill Martin, director of the MDOC, Raymond Toombs, warden of the Ionia Correctional Facility; Martin Makel, warden of the Kinross Correctional Facility; Michael Crowley, warden of the Baraga Maximum Correctional Facility ("Baraga"); Robert

Wood, acting deputy warden of Baraga; Doctors Jerry Wilson and Martin Seigel, psychiatrists; Suzanne Harris–Spicer, hearing officer at Baraga; Barbara L. Hane, Thomas M.L. Wolven, and John T. Spurgis, hearing officers; Frizt E. Jackson, hearing officer at Riverside Correctional Facility; Landes Y. Lain and John Doe Perry, former hearing officers; and John Doe LaPlante and John Doe Beasley, correctional officers at Baraga. Bullock alleged that he has been confined in administrative segregation since December 1987, as a result of fifty-two misconduct tickets that he has received during his incarceration in the MDOC. Bullock alleged that his due process rights were violated because the three December 1987 misconduct tickets that caused his initial placement in administrative segregation were not investigated, he was not provided assistance with his defense or substitute counsel at the misconduct hearing for those tickets, and he was not referred for a psychological evaluation prior to being found guilty of the misconducts. Bullock contended that his placement in administrative segregation has resulted in loss of privileges, forfeiture of disciplinary credits, and denial of parole.

Bullock alleged that Doctors Wilson and Seigel were deliberately indifferent to his medical needs by not providing or ensuring that mental health care would be provided to him while in prison upon his release from the Riverside Psychiatric Center in December 1987. Bullock alleged that Makel endangered his life from April to December 1987, and that Toombs failed to protect him from physical harm and false misconduct tickets from 1989 to 1993. Bullock alleged that Toombs, Crowley, McGinnis, Wood, and Martin disclosed information that he had been raped in the past to correctional officers and prisoners and then refused to order their subordinates to stop racially and

sexually harassing him after they learned of the information. Bullock believes the sexual harassment and false misconduct tickets to which he has allegedly been subjected were motivated by a desire to retaliate against him because he had filed lawsuits and grievances against MDOC officials and by a desire to discriminate against him on the basis of race in violation of the Equal Protection Clause.

A magistrate judge recommended dismissal of Bullock's claims as frivolous and for failure to state a claim. Over Bullock's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the case. Bullock's motion to alter or amend the judgment was subsequently denied. Bullock has filed a timely appeal.

 Upon de novo review, we conclude that the district court properly dismissed Bullock's suit as frivolous and for failure to state a claim upon which relief may be granted under §§ 1915(e)(2)(B) and 1915A(b). *See Brown v. Bargery,* 207 F.3d 863, 866–67 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). Bullock failed to state an equal protection claim, *see Washington v. Davis,* 426 U.S. 229, 240–41, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), or a retaliation claim against the defendants. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). Bullock also failed to state a due process claim, as an inmate has no liberty interest in remaining in the general prison population and free of disciplinary or administrative segregation, *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Jones v. Baker,* 155 F.3d 810, 812 (6th Cir.1998); a prisoner has no inherent constitutional right to be confined in a particular prison or to be held in a specific security classification, *Olim v. Wakinekona,* 461 U.S. 238, 245–46,

342

103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986); and a prisoner has no constitutional right to rehabilitation, education, or jobs. *Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Canterino v. Wilson*, 869 F.2d 948, 952–54 (6th Cir.1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987).

■ To the extent that Bullock challenges the forfeiture of disciplinary credits, which would have shortened his term of imprisonment, his remedy is through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Dixon v. Alexander*, 741 F.2d 121, 124–25 (6th Cir.1984). Furthermore, since Bullock has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a civil rights claim based upon the denial of parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 11, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir.1994) (en banc).

Finally, Bullock's claims against Wilson, Seigel, Makel, and Toombs, which accrued no later than 1993, are time-barred by the applicable three-year statute of limitations. *See* Mich. Comp. Laws Ann. § 600.5805(9) (West Group 2000); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.1986).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.