Anthony BERCHENY,
Petitioner–Appellee,

v.

Perry JOHNSON, Director, Michigan
State Corrections Commission,
Respondent–Appellant.

No. 80–1055.

United States Court of Appeals,
Sixth Circuit.

Argued April 15, 1980.

Decided Oct. 22, 1980.

Frank Kelley, Atty. Gen. of Mich., Lansing, Mich., Robert F. Davisson, Asst. Pros. Atty., Pontiac, Mich., for respondent–appellant.

Carl Ziemba, Detroit, Mich., for petitioner–appellee.

Before LIVELY, BOYCE F. MARTIN, Jr., and JONES, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Appellee Anthony Bercheny pleaded guilty to criminal charges in Michigan state court. He entered his guilty plea after the prosecuting attorney agreed to make certain concessions in the handling of his case. The trial judge reviewed and approved this agreement before imposing sentence. After sentencing, however, Bercheny felt that the state had neglected its obligations under the plea agreement. He filed a petition for a writ of habeas corpus in Federal District Court and on December 17, 1979 received a favorable ruling. Perry Johnson, Director of the Michigan State Corrections Commission, appeals.

The plea agreement provided in part that the state would voice no objection if the court appointed a psychiatrist to evaluate Bercheny. Any conclusions the psychiatrist might have reached would have been included in the Probation Department's pre–sentence report, a compilation designed to help the sentencing judge make an informed decision. At Bercheny's plea hearing, the judge did in fact order a psychiatric evaluation; for reasons not apparent from the record, however, this examination never took place. Bercheny was, therefore, sentenced without benefit of a psychiatrist's report.

The District Court directed a writ of habeas corpus to issue unless, on its own motion, the state vacated Bercheny's sentence and, within sixty days, caused him to be resentenced after giving him the promised psychiatric evaluation. The Court also stipulated that the resentencing judge be selected outside Michigan's Sixth Judicial Circuit.

Bercheny was charged with assault with intent to commit murder. He acknowledged taking his wife to a farm field and shooting her six times. He told the sentencing judge that despair and frustration over his wife's heroin addiction drove him to commit the crime. Mrs. Bercheny survived the shooting and remained at her husband's side in court.

On January 9, 1976, Bercheny, represented by attorney Joseph Hardig, entered a plea of guilty. The Court properly informed him of the consequences of his plea. The following discussions took place:

Q. (The Court): And you stating that you, your lawyer and the Prosecutor have entered into an agreement that the People have no objection if the Court appoints a psychiatrist to evaluate you; that your bond is continued and that you can live with your wife and that sentencing will be on February 26, 1976?

A. (The Defendant): Yes, Your Honor.

Q. Are you stating that no other promises have been made to you to induce your plea of guilty?

A. Yes, Your Honor.

Q. Do you understand that in this case I have not agreed with anyone about anything?

A. Yes, Your Honor.

Q. Are you stating that the plea you are making is freely, understandingly and voluntarily made and there has been no undue influence, compulsion or duress used against you to force you to plead guilty?

A. Yes, Your Honor.

Later in the hearing:

Mr. Hardig: I would like to make two motions, Judge. I respectfully request the Court appointed psychiatrist to evaluate Mr. Bercheny for the purpose of assisting the Probation Department in making its presentence report.

The Court: Any objections?

Mr. Seymour (the prosecutor): No.

The Court: So ordered.

Mr. Hardig: And therefore, Judge, that is the reason I respectfully request the Court to set the sentencing date back three weeks to February 26, 1976.

. . . . .

The Court: February 26, 1976, at 8:30 in the morning is the date set for sentencing.

At sentencing, the judge asked Bercheny's attorney if the information contained in the pre–sentence report was accurate. Mr. Hardig replied that the report was correct to the best of his knowledge. The judge then asked Bercheny if he had anything to add on his own behalf. Bercheny replied, "No." The court imposed a sentence of eighteen to forty years' imprisonment. The next day Bercheny was again before the court to be advised of his right on appeal. At no time during either colloquy did anyone mention the psychiatric evaluation.

The record leaves no doubt that Bercheny regarded his own state of mind at the time of the shooting as a crucial element of his case. Indeed, his initial response to the charge against him was to notify the court that he intended to claim insanity as a defense. He elected to plead guilty only after the prosecutor agreed not to oppose a psychiatric evaluation which would be brought to the attention of the sentencing judge.

We note at the outset that we cannot condone defense counsel's unexplained failure to assert his client's rights before the court pronounced sentence. The pleadings, however, do not allude to this issue, and we decline to pursue it on our own initiative.

This case presents us with a difficult choice. The crux of the matter appears to be an administrative oversight. We gather that Bercheny's court–ordered psychiatric examination was, in the press of business, somehow overlooked simultaneously by defense counsel, prosecuting attorney and sentencing judge. We do not believe that federal courts should rush to intervene each

time an administrative error in the criminal justice process occurs at the state level. On the other hand, to deny relief would leave the victim of this error in an utterly anomalous position.

The legal arguments presented by the parties are quickly summarized. Bercheny relies heavily on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court's leading pronouncement on the rights of criminal defendants who enter into plea agreements. The state would have us overrule the District Court by holding 1) that Bercheny waived his right to a psychiatric evaluation when neither he nor his attorney raised the issue at sentencing; and 2) that Bercheny suffered no harm as a result of the oversight.

█ We are not persuaded by the appellant's contention that Bercheny waived his right to a psychiatric evaluation. Waiver cannot be presumed from a silent record. *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962). Here, the court had specifically ordered an evaluation and postponed sentencing to allow time for it. Under these circumstances, more than mere silence on Bercheny's part was necessary to nullify the effect of a court order.

Next, the appellant points out that the facts before us do not conform neatly to the pattern established by *Santobello*. He is technically correct. That case involved a plea agreement in which a defendant was promised that the prosecutor 1) would permit the defendant to plead guilty to a lesser included offense and 2) would make no recommendation to the court concerning the length of sentence to be imposed. At sentencing, however, the prosecutor did in fact recommend to the judge that the defendant be given the maximum sentence. The Supreme Court ruled for the defendant and remanded the case to state court with instructions to give the defendant specific performance of his agreement by resentencing him before a different judge or, alternatively, to permit him to plead anew to the original indictment. The Court summarized its reasoning as follows:

This phase (plea bargaining) of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Id.* at 262, 92 S.Ct. at 499. (Parenthetical phrase added.)

Here, in exchange for Bercheny's guilty plea, the prosecutor promised only that he would not object to a motion for psychiatric evaluation. True to his word, the prosecutor did not object, thereby fulfilling the letter–if not the spirit–of the bargain. We do note, however, that it would have been entirely consistent with the prosecutor's role as an officer of the court, charged with promoting the ends of justice, had he reminded the sentencing judge that Bercheny was due a psychiatric evaluation. A plea agreement, after all, is an inappropriate context for the state to resort to a "rigidly literal approach to the construction of language." *United States v. Bowler*, 585 F.2d 851, 854 (8th Cir. 1978).

Finally, the appellant attempts to justify the result in state court by pointing out that the trial judge was not bound by the plea agreement. In its discretion, the court was free to deny the motion for a psychiatric evaluation. *Santobello* at 262, 92 S.Ct. at 499. That legal proposition, standing alone, is entirely correct. However, the appellant asks us to conclude from it that Bercheny suffered no harm. According to the appellant, Bercheny's position after sentencing was no worse than it would have been if the court had denied the motion. We disagree. Had Bercheny's motion in fact been denied, he would have been entitled to withdraw his guilty plea altogether.

■ We have not heretofore had occasion to rule on the effect of a judge's refusal to accept a plea agreement. On that issue, we endorse the Third Circuit's decision in *United States ex rel. Culbreath v. Rundle*, 466 F.2d 730, 735 (1972).

There is no absolute right to have a guilty plea accepted. However, if the judge ultimately determines that the interest of justice would not be served by accepting the Government's recommendation made pursuant to such agreement the defendant should be permitted to withdraw his guilty plea, particularly where, as here, there is no Government claim of prejudice or harm. (Footnote omitted.)

■ Since the trial court did, in fact, accept and endorse Bercheny's plea agreement, *Rundle*, like *Santobello*, is not controlling on the present facts. The principle of those two cases is, however, no less apposite. Simply stated, the law does not permit a criminal defendant to bargain away his constitutional rights without receiving in return either the benefit of his bargain (*Santobello*), or, if the court rejects that bargain, reinstatement of the rights surrendered (*Rundle*). Here, Bercheny gave up his right to a trial in order to secure a plea agreement. When the court ratified that agreement by granting Bercheny's motion for a psychiatric evaluation, the state accepted its reciprocal obligation. Bercheny fulfilled his part of the bargain four and one–half years ago; we hold that the state must do likewise without further delay.

We also agree with the District Court that resentencing should be assigned to a different judge. We do not, however, find any evidence in the record to justify the extraordinary measure of disqualifying the entire fourteen–member Sixth Judicial Circuit from presiding over Bercheny's resentencing. We emphasize that this ruling is not intended to reflect adversely on the original sentencing judge. Rather, our decision implies application of the standards articulated in *United States v. Robin*, 553 F.2d 8, 10 (2nd Cir. 1977):

[T]he principal factors considered . . . in determining whether further proceedings should be conducted before a different judge are 1) whether the original judge

would reasonably be expected ... to have substantial difficulty in putting out of his mind previously–expressed views or findings ... 2) whether reassignment is advisable to preserve the appearance of justice, and 3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

The decision of the District Court is reversed and the case remanded. The District Court shall direct the State of Michigan to grant the appellant a psychiatric evaluation within a reasonable time. Upon receipt this report shall be reviewed by a Michigan Circuit Judge of the Sixth Judicial Circuit other than the original sentencing judge. Resentencing upon appropriate findings may take place at that time.