Albert Minuard McPHERSON,
Petitioner-Appellant,

v.

Gene BARKSDALE, Sheriff,
Respondent-Appellee.

No. 79–1495.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1980.

Decided and Filed Feb. 11, 1981.

Albert M. McPherson, Terry Serena, Cincinnati, Ohio, for petitioner-appellant.

William M. Leech, Jr., Atty. Gen. of Tenn., William Hunt, Asst. Atty. Gen., Nashville, Tenn., for respondent-appellee.

Before LIVELY, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PECK, Senior Circuit Judge.

The questions in this case are first, whether violation of a plea bargain between a *state* prosecutor and a defendant is a proper ground for habeas corpus relief, and second, whether petitioner McPherson's bargain has in fact been violated. McPherson appeals in this habeas corpus suit from the district court's finding that the state did not breach its obligations to McPherson.

McPherson contends that he entered, through his counsel, into a plea bargain under which he would not be indicted for offenses for which he *was* later indicted, and of which he was convicted. On January 7, 1976, McPherson pleaded guilty in a Tennessee court to four indictments charging receipt of stolen property and five charging possession of heroin with intent to sell. He received concurrent five-year sentences on these charges. In June of 1976, McPherson was charged by indictment with a separate sale of heroin; a year later he was convicted of that offense and sentenced to seven to twelve years, to run consecutively to his earlier term.[1] The sale for which McPherson was convicted in 1977

---

1. In the interim, McPherson received a ten-to-fifteen year consecutive sentence for yet another drug offense. That conviction is not challenged in the present appeal.

took place in November of 1975—two months before McPherson pleaded guilty to the earlier indictments returned against him. McPherson now contends that this earlier plea was based in part on an implicit agreement not to prosecute him for the November 1975 sale.

At a hearing on McPherson's motion to dismiss the June, 1976 indictment, the state court explored the scope of McPherson's plea bargain and concluded that the record of McPherson's plea, read most favorably to McPherson, showed that the guilty plea disposed of all McPherson's crimes that the state was then aware of, and that the state through its narcotics control agents knew of the November 1975 sale. The state court nevertheless refused to dismiss the June 1976 indictment, since McPherson had not pursued his proper remedy for violation of his plea bargain—a motion for post-conviction relief.

The federal district court, reading the transcript of the state-court hearing on McPherson's motion to dismiss,[2] found that the November 6, 1975 heroin sale was *not* included in McPherson's January 7, 1976 deal with the Tennessee prosecutor. Neither the state court nor the federal district court found that the record supported the conclusion that the state prosecutor deliberately misled McPherson in negotiating or entering his plea.

We need not decide whether to agree with the state court's conclusion that McPherson's bargain was breached, or with the district court's conclusion that it was not. In either event, McPherson is not entitled to habeas relief.

■ Federal courts may not ordinarily choose the appropriate remedy for violations of plea bargains during state criminal proceedings. It is not entirely settled that a writ of habeas corpus under 28 U.S.C. § 2254 will lie as a remedy for an unkept plea bargain. This Court, relying on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), has recently assumed rather than held that a habeas petition is an appropriate means to enforce a state prosecutor's plea bargain. *See Bercheny v. Johnson*, 633 F.2d 473, 476 (6th Cir. 1980). The Supreme Court decided *Santobello* on certiorari to the Appellate Division of the Supreme Court of New York. *Santobello* did not explicitly hold that breach of a plea bargain was a violation of constitutional guarantees, but stated that prosecutors' promises must be fulfilled when such promises induce guilty pleas. *Id.* at 404 U.S. 262, 92 S.Ct. 498. Despite this assertion, the majority opinion in *Santobello* left to the state courts' discretion the decision whether to remedy a prosecutor's broken promise by requiring specific performance of that promise or by rescinding the entire plea bargain. The conclusion: a state prosecutor's breach of a plea bargain is a violation of the Federal Constitution[3] cognizable under 28 U.S.C. § 2254, but federal courts lack the supervisory authority to specify the remedy for such a violation.[4]

■ Therefore, even if the district court erred in finding that McPherson's bargain had been kept,[5] McPherson is not necessarily entitled to specific performance of the agreement—in this case, to dismissal of the June 1976 indictments. After these indictments were returned, McPherson filed a petition for postconviction relief which at-

---

2. At the hearing in the federal district court on McPherson's petition for habeas relief, the parties agreed that the state court records of McPherson's guilty plea and of the later evidentiary hearing on McPherson's motion to dismiss the June 1976 indictment were sufficient for resolution of the facts relevant to McPherson's petition.

3. A point made more forcibly in Justice Douglas's concurring opinion than in the Court's in *Santobello*. *See* 404 U.S. at 264–65, 92 S.Ct. at 499–500 (Douglas, J., concurring).

4. Nothing this Court said in *Bercheny v. Johnson, supra,* is to the contrary. In *Bercheny,* the Court had notice of probable state-court action on remand, since the state involved had failed to follow the order of its own court.

5. This is a finding of fact, which may be reversed only if clearly erroneous. *United States v. Krasn,* 614 F.2d 1229, 1233 (9th Cir. 1980).

782

tacked the validity of his January 1976 guilty plea. McPherson later withdrew this petition. In other words, McPherson abandoned his attempt to rescind his plea bargain in the courts of Tennessee. This rescission is the remedy that a Tennessee court has found most appropriate; McPherson has foregone it.[6] *Santobello* provides no basis for granting specific performance of such an alleged plea bargain in a federal forum.

McPherson's other arguments are unpersuasive. There is no indication in the record of deliberate deception by the prosecutor, either in concealing or delaying the June 1976 indictments; there is likewise no indication that the hearing in the state court, which the parties below agreed was sufficient to develop the facts material to McPherson's petition, was not full and fair.

The judgment of the district court is affirmed.

See also, 6 Cir., 640 F.2d 823.

---

6. The record is silent concerning the present availability of this remedy in the courts of Tennessee. We note, however, that T.C.A. § 40– 3802 allows prisoners to petition for post-conviction relief at any time after exhausting appellate remedies.