948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Andrew DIXON, Petitioner-Appellant,
v.
Neil RONE, Warden, Respondent-Appellee.
 No. 91-5938.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Dixon moves for counsel and oral argument and appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In November, 1978, Dixon was convicted, pursuant to a plea bargain agreement approved by the Circuit Court of Carroll County, Tennessee, of aggravated kidnapping for ransom and use of a firearm in the commission of a felony. He was sentenced to prison for thirty-five years, with the possibility of parole, for the aggravated kidnapping and received a five year consecutive sentence for the firearm charge. Shortly after he began to serve his sentence, the Tennessee Department of Corrections notified Dixon that its interpretation of the aggravated kidnapping statute did not permit parole consideration. Therefore, it refused to treat Dixon as being eligible for parole. Dixon filed for post-conviction relief on several grounds, chiefly that his guilty plea was involuntary because his plea was predicated upon eligibility for parole. He sought specific enforcement of the original plea agreement. Counsel was appointed in state court and an evidentiary hearing was held in March, 1980. The trial judge found that Dixon was entitled to relief because the possibility of parole had been a material term of the plea agreement. The court refused to grant specific performance of the plea agreement. See Tenn.Code Ann. § 40-30-118(a). Accordingly, the court vacated Dixon's guilty plea to aggravated kidnapping and ordered a new trial.
 
 
 3
 At trial, the jury found Dixon guilty and he was sentenced to life imprisonment. The Tennessee Court of Criminal Appeals upheld his conviction, and permission to appeal to the Tennessee Supreme Court was denied. Dixon then filed a second post-conviction relief petition, claiming that his right to fundamental fairness was violated because his previous plea agreement had not been enforced. Counsel was appointed and relief was denied following a second evidentiary hearing. The Court of Criminal Appeals affirmed the denial, and the Tennessee Supreme Court again denied permission to appeal. In this petition, Dixon claimed that fundamental fairness requires the state to specifically perform his 1978 plea bargain agreement.
 
 
 4
 After reviewing the record, the district court denied relief because the court had no basis for ordering specific performance of an illegal plea bargain. See McPherson v. Barksdale, 640 F.2d 780, 781-82 (6th Cir.1981).
 
 
 5
 Dixon raises the same argument on appeal.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in its order entered July 22, 1991, denying the writ of habeas corpus. Rule 9(b)(3), Rules of the Sixth Circuit. The motions for counsel and oral argument are denied.