14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David JOHNSON, Petitioner-Appellant,
v.
Michael J. O'DEA, Warden, Respondent-Appellee.
 No. 93-5446.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 Before KENNEDY, MILBURN and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Johnson, proceeding pro se, appeals the District Court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The Commonwealth of Kentucky, respondent below, has not filed a brief in this appeal. In his petition, petitioner challenges his July 12, 1982 Lawrence Circuit Court, Kentucky conviction for first degree burglary on two grounds: (1) that he was denied effective assistance of counsel; and (2) that the Commonwealth breached the plea agreement between it and petitioner. A third and preliminary issue in this appeal is whether petitioner satisfied the requirement that he be "in custody" under the conviction under attack at the time he filed his petition. For the reasons stated below, we affirm.
 
 I.
 
 2
 In June of 1981, the Lawrence County Grand Jury returned an indictment charging petitioner with first degree burglary for the unlawful entry into a supermarket while armed with a knife (Indictment No. 81-CR-032). Petitioner was released on bond. Subsequently, petitioner was charged under Kentucky's recidivism statute (Persistent Felony Offender II) (Indictment No. 81-CR-031) and was placed in the Lawrence County Jail. Petitioner escaped from this jail on June 25, 1982. There were also, apparently, indictments for receiving stolen property. On an unspecified date in 1982, the Lawrence County Grand Jury returned another indictment against petitioner charging him with the June 25, 1982 escape (Indictment No. 82-CR-055).
 
 
 3
 Initially, petitioner pleaded not guilty to the burglary charge. After consultation with retained counsel, petitioner decided to change his plea to guilty. At the plea hearing on July 8, 1982, the Commonwealth recommended a ten-year sentence on the burglary charge and agreed to drop the recidivism charge. Additional terms of the agreement stated on the record but never memorialized in writing, are somewhat ambiguous:
 
 
 4
 MR. COMBS [Defense Counsel]: ... We discussed the matter of other actions now pending against this defendant with the Commonwealth Attorney, and I think, perhaps, the Commonwealth Attorney has a recommendation to make as to those other matters.
 
 
 5
 MR. PRESTON [Commonwealth Attorney]: Your Honor, the Commonwealth recommends a sentence of ten years on the burglary charge, that the persistent felony offender portion of that charge be dismissed, and that the pending indictments for receiving stolen property be dismissed, in as much as they were apparently part of an earlier arrangement that had been entered into that I have been made aware of.
 
 
 6
 THE COURT: Your motion is to dismiss all the--
 
 
 7
 MR. PRESTON: Theft by Receiving Stolen Property.
 
 
 8
 THE COURT: Yes. That portion of the indictment as pertains to persistent felony.
 
 
 9
 MR. PRESTON: Yes.
 
 
 10
 THE COURT: And accept a plea of guilty on First Degree Burglary?
 
 
 11
 MR. PRESTON: Yes.
 
 
 12
 MR. COMBS: Yes, Your honor. Now, further as I understand it, I want to make sure on the record that this agreement does not include any indictments that may be returned against this defendant by the present Grand Jury but that there will be no effort to return the defendant for trial on any indictments that may be returned by the upcoming Grand Jury.
 
 
 13
 THE COURT: That is my understanding. I did not participate back there in this, but that is my understanding of the agreement, and in that case from Floyd County, the Commonwealth is pretty well bound by whatever is elicited in the agreement.
 
 
 14
 MR. COMBS: I just reviewed the terms of the agreement with the Commonwealth Attorney and, I believe you say that that is still your agreement
 
 
 15
 MR. PRESTON: That is my original agreement.
 
 
 16
 MR. COMBS: That he will not be returned for trial on any indictments that may be returned by the subsequent Grand Jury.
 
 
 17
 MR. PRESTON: Yes.
 
 
 18
 ....
 
 
 19
 THE COURT: ... I will instruct [the Clerk that] any new indictments that come forth at this time on this defendant are to be assigned to my division pursuant to the agreement.
 
 
 20
 Plea Hearing Tr., July 8, 1992, pp. 2-4, 7 (emphasis supplied).
 
 
 21
 The court accepted the plea agreement and petitioner's guilty plea, sentenced petitioner to ten years and dismissed "the other indictments." Id. at 7. From the above exchange it appears that the Commonwealth agreed not to proceed on either the Floyd County indictments (receiving stolen property) or any other indictments from the upcoming Lawrence County Grand Jury.
 
 
 22
 After serving two years and nine months, petitioner was paroled. Subsequently, petitioner was returned to Lawrence County on the 1982 indictment charging him with the escape crime. Petitioner, who was represented by counsel, pleaded guilty to Escape in the Second Degree on October 11, 1985 and was sentenced to five years probation. It is unclear from the record whether petitioner's parole was revoked due to the escape charge; the record does indicate that he was returned to the Lawrence County Jail on April 3, 1986 for parole violations.
 
 
 23
 On March 21, 1986, petitioner filed a motion to vacate sentence for the burglary conviction pursuant to Ky.R.Cr. 11.42, alleging the same claims he alleges presently. The motion was denied. In lieu of appealing this ruling, petitioner filed two more 11.42 motions; the second on May 19, 1989, alleging an infirmity in the guilty plea on the burglary charge due to the court's alleged failure to advise him of his rights, and the third on January 24, 1990, again alleging the same claims he alleges in the instant petition. These motions were denied on May 15, 1990. On December 19, 1990, the Kentucky Court of Appeals granted petitioner a belated appeal on the May 15, 1990 order. The Court of Appeals then affirmed the May 15, 1990 order finding no support in the record for petitioner's claims. Petitioner then filed a motion for discretionary review with the Kentucky Supreme Court of the lower court's disposition of his 11.42 motions, which was denied.
 
 II.
 A. "In Custody" Requirement
 
 24
 Federal courts have jurisdiction to entertain petitions for habeas relief "only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' " Maleng v. Cook, 490 U.S. 488, 490 (1989) (citing 28 U.S.C. Secs. 2241(c)(3), 2254(a)) (emphasis in original) (per curiam). Further, the petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91. This Court has held that the district court has no jurisdiction to consider a habeas petition attacking a conviction or sentence that expired prior to the filing of said petition. Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.1990).
 
 
 25
 When Johnson filed the instant petition, he was confined at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. As far as we can tell from the record, the sentence from petitioner's 1982 burglary conviction had not yet expired at the time he filed his habeas petition, thus, the "in custody" requirement is satisfied.
 
 B. Ineffective Assistance of Counsel
 
 26
 Petitioner's first contention is that he was denied effective assistance of counsel due to his counsel's failure to file any pre-trial motions, perform any discovery for the record, or investigate any of the possible defenses that were available to petitioner. He alleges that had counsel taken such action, he would have found that petitioner was not in possession of a weapon the night of the burglary as alleged in the indictment and would have pursued an "intoxication defense."
 
 
 27
 The constitutionally guaranteed "right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970). To establish an ineffective assistance of counsel claim, a defendant must show that trial counsel's performance fell below an objective standard of reasonableness and that such deficient performance thereby deprived the defendant of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of guilty pleas, the defendant must still establish that counsel's performance was deficient, but then must also show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)), cert. denied, 484 U.S. 870 (1987).
 
 
 28
 Under Kentucky law,
 
 
 29
 (1) A person is guilty of burglary in the first degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building, and when in effecting entry or while in the building or in the immediate flight therefrom, he or another participant in the crime:
 
 
 30
 (a) Is armed with explosives or a deadly weapon[.]
 
 
 31
 K.R.S.Ann. Sec. 511.020(1)(a) (Banks-Baldwin 1993).
 
 
 32
 Petitioner argues that his trial counsel inadequately investigated whether he was armed on the night of the crime. According to the police report, detectives were tipped off of a burglary in progress at the Cut-Rate Supermarket. Petitioner was found laying in the walkway in front of a meat cooler in the market with a meat cleaver in his right hand and a steak knife in his pants pocket. Petitioner had apparently passed out because he was intoxicated. Petitioner argues that he possessed neither the cleaver nor the knife, but that each had been left there by the butcher and he had merely passed out in close proximity to them. Indeed, the police report acknowledges that these utensils were the butcher's tools.
 
 
 33
 We do not believe that counsel's performance was deficient in this respect because, in all likelihood, trial counsel knew that these utensils were the butcher's but that a jury might well feel that petitioner was in the process of stealing them. The Kentucky Supreme Court has held that an accused who steals a deadly weapon during the course of a burglary is armed for purposes of first degree burglary. Jackson v. Commonwealth, 670 S.W.2d 828 (Ky.1984), cert. denied, 469 U.S. 1111 (1985). Moreover, petitioner cannot seriously dispute that he possessed the knife found in his pants pocket.
 
 
 34
 Petitioner's second ground for his ineffective assistance of counsel claim is that he should have been informed by trial counsel that he had a possible defense of intoxication. In Kentucky, intoxication is a defense to a criminal charge where such condition negates the existence of criminal intent or is not voluntarily induced. See K.R.S. Sec. 501.080(1). Where the evidence is sufficient to indicate that the accused was so intoxicated that he was unable to form the culpable mental state of intent, the accused is entitled to an instruction on an intoxication defense. See Brown v. Commonwealth, 575 S.W.2d 451 (Ky1978); Mishler v. Commonwealth, 556 S.W.2d 676 (Ky1977).
 
 
 35
 In this case, however, petitioner pleaded guilty so there was no need for jury instructions. As the magistrate judge noted, petitioner does not allege that he informed his attorney, or that his attorney knew of any facts that would have required a reasonably competent attorney to investigate a lack-of-intent-due-to-intoxication defense. It is difficult to say that counsel's performance was deficient in this respect where the record indicates that petitioner's drunken condition was well known; petitioner does not allege that his intoxication was involuntary. A tactical decision not to risk sending the case to the jury with an intoxication defense that the jury was free to disregard is not incompetence. In light of the dismissal of the recidivism charge, which would have subjected petitioner to substantial additional prison time, and the dismissal of the receipt of stolen property charge, advising petitioner to plead guilty to first degree burglary pursuant to the plea agreement appears to have been a prudent decision by petitioner's trial counsel.
 
 
 36
 Further, even assuming arguendo, counsel's performance was deficient, petitioner has failed to show that had he known of the possible defense, he would have pleaded not guilty and insisted on going to trial. Petitioner's claims of ineffective assistance of counsel are undercut by his own declarations made during the plea hearing:
 
 
 37
 THE COURT: You have talked with your attorney, Mr. Dan Jack Combs, who is a very qualified attorney. You have discussed this and had the benefit of his advice. Do you feel that you need any more time to consult with your attorney?
 
 
 38
 A[nswer by Johnson]: No, sir, I don't.
 
 
 39
 THE COURT: And he has stated that you wish to withdraw the plea of not guilty and enter a plea of guilty.... I must be sure that your plea is free and voluntary and that you know what you are doing, and you have to realize that there can be no appeal from a plea of guilty. You have the right on the plea of not guilty to have a jury empaneled there and have the process of the court and set any defense you wish; but you give all that up if you enter a plea of guilty?
 
 
 40
 A: Yes, sir, I do.
 
 
 41
 Plea Hearing Tr. at 4-5 (emphasis supplied). "These declarations concerning the performance of [Johnson's] counsel were made in open court under oath and thus carry a strong presumption of verity." United States v. Grewal, 825 F.2d 220, 223 (9th Cir.1987).
 
 C. Breach of Plea Agreement
 
 42
 Petitioner next argues that his conviction should be set aside because the Commonwealth allegedly "welshed" on the plea agreement by convicting him of the June 25, 1982 escape from the Lawrence County Jail. Petitioner believes the agreement was as follows:
 
 
 43
 It was understood that the Petitioner had not yet been indicted on the escape charge, and that he would not be returned, at any time, pursuant to the agreement to stand trial on the escape charge.
 
 
 44
 Report and Recommendation at 13. The magistrate judge concluded that the agreement made no reference to any specific charges; it referred only to charges by the subsequent grand jury. Under the terms of the agreement, as the Commonwealth understood it, petitioner could be prosecuted for any indictments returned by the "present" grand jury, i.e., the grand jury whose term included July 8, 1982, the date of entry of his plea, but could not be prosecuted under any indictment returned by the subsequent grand jury. The magistrate judge went on to find that petitioner had failed to establish that the escape charge was handed down by the subsequent grand jury and was therefore covered by the agreement.
 
 
 45
 Based solely on the fact that the escape indictment was assigned the number 82-CR-055, and was thus, handed down in 1982, the magistrate judge summarily concluded that the indictment was returned by the grand jury sitting at the time petitioner pleaded guilty to the burglary charge. The opposite conclusion, however, is equally reasonable because it could be argued that it was unlikely that trial counsel would have entered into the agreement if he knew that petitioner would be indicted on the escape by the sitting grand jury without mentioning the escape charge. We are at a loss to understand why the magistrate judge refused the petitioner's request for discovery on this issue. He could have easily required the state to provide the necessary information as to the term of the grand jury that indicated petitioner for escape. The answer could have obviated speculation and reduced the likelihood of this appeal.
 
 
 46
 The Supreme Court addressed the issue of remedying a prosecutor's breach of a plea agreement. Santobello v. New York, 404 U.S. 257 (1971). It found that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the indictment or consideration, such promise must be fulfilled." Id. at 262. The Court then left to the state court's discretion whether to remedy the breach by ordering specific performance of the agreement or allowing the defendant to rescind the guilty plea. Id. at 263. In McPherson v. Barksdale, 640 F.2d 780, 781 (6th Cir.1981), this Court read Santobello as setting forth the following principle: "a state prosecutor's breach of a plea bargain is a violation of the Federal Constitution cognizable under 28 U.S.C. Sec. 2254, but federal courts lack the supervisory authority to specify the remedy for such a violation." Under McPherson, it would appear this Court should remand this case to state court for the determination of the appropriate remedy for the Commonwealth's alleged breach of the plea agreement.
 
 
 47
 Here, however, a remand would be futile because first, the agreement cannot be enforced. Assuming the Commonwealth agreed not to bring petitioner to trial on the escape charge and if petitioner had been convicted of escape after a trial, the conviction could be overturned. But petitioner pleaded guilty to escape, and has therefore waived all defenses to the escape charge other than the defense that the indictment failed to charge an offense. Corbett v. Commonwealth, 717 S.W.2d 831, 832 (Ky.1986) (citing Quarles v. Commonwealth, 456 S.W.2d 693 (Ky 1970); Hendrickson v. Commonwealth, 450 S.W.2d 234 (Ky 1970); Commonwealth v. Watkins, 398 S.W.2d 698 (Ky 1966), cert. denied, 384 U.S. 965 (1966)). Thus, petitioner waived the right not to be indicted on the escape.
 
 
 48
 The alternative to fulfilling the broken promise is setting aside the underlying plea based conviction of burglary. On this point, the Supreme Court has stated:
 
 
 49
 [T]he conditions for a valid plea "presuppose fairness in securing agreement between an accused and a prosecutor.... The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known." [ Santobello, 404 U.S.] at 261-262. It follows that when the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand: "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id., at 262.
 
 
 50
 Mabry v. Johnson, 467 U.S. 504, 509 (1984) (emphasis supplied) (footnote omitted). In this case, this remedy of setting aside the plea agreement on the burglary charge and reinstating the other dismissed charges when petitioner has served most all, if not all, of his sentence seems unwarranted. It is unlikely petitioner would choose to rescind his guilty plea at this stage and go to trial on all charges.
 
 III.
 
 51
 Accordingly, the District Court's judgment is AFFIRMED.