50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary A. KUBICKI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1833.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1995.
 
 Before: LIVELY, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate or set aside sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gary A. Kubicki pleaded guilty to signing a false tax return in accordance with a negotiated Fed.R.Crim.P. 11 plea agreement and was sentenced to serve 12 months of imprisonment. He did not appeal. In his Sec. 2255 motion, Kubicki claimed that: 1) the sentence of imprisonment violated the terms of his plea agreement; 2) the district court used an improper amount of loss dollar figure to arrive at his offense level; 3) the district court improperly considered civil tax liabilities for years in which he was not charged with criminal conduct to determine his sentence; 4) the district court incorrectly determined his criminal history category; and 5) he received ineffective assistance of counsel. The district court denied Kubicki's Sec. 2255 motion without a hearing. In his timely appeal, Kubicki reasserts the claims set forth in the district court.
 
 
 3
 Upon review, we affirm the district court's judgment because Kubicki has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The court reviews a judgment denying a Sec. 2255 motion de novo, Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993), while examining the district court's factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 4
 The district court properly rejected Kubicki's first claim. Kubicki claimed that the district court violated the plea agreement by sentencing him to 12 months of imprisonment. Kubicki argues that the district court was bound by the guideline range recommended by the parties in the worksheets attached to the plea agreement. The recommended guideline range was 4 to 10 months. Kubicki's contention is baseless. The district court in this case was not bound by a plea agreement reached by the parties. A district court is not bound by the parties' bargain until the court accepts the plea agreement. United States v. Holman, 728 F.2d 809, 813 (6th Cir.), cert. denied, 469 U.S. 983 (1984). Kubicki's claim is frivolous because in this case, the court in fact followed the plea agreement. The plea agreement represented the joint position of the parties and expressly provided that the district court could accept or reject the position of the parties. In addition, the plea agreement expressly provided that the district court could independently calculate Kubicki's guideline range, and that the maximum period of imprisonment allowed by the plea agreement would depend on that calculation. The district court determined the applicable guideline range to be 10 to 16 months. Kubicki was sentenced to 12 months; the midpoint of the range. Thus, Kubicki received the benefit of his bargain and cannot now argue that the district court erred in following the course outlined by defense counsel. See Bercheny v. Johnson, 633 F.2d 473, 476 (6th Cir.1980).
 
 
 5
 Kubicki's next three claims challenging the calculation of his sentence are not cognizable in this collateral proceeding as they could have been but were not raised on direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976) (nonconstitutional claims that could have been raised on direct appeal cannot be asserted in a Sec. 2255 motion, as such a motion will not do service for a direct appeal); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam) (nonconstitutional claims including those challenging a court's application of the guidelines, that could have been asserted on direct appeal, may not be asserted on a collateral proceeding). Even if cognizable, the claims are only reviewable if Kubicki can establish cause to excuse his failure to assert the claims on direct appeal and actual prejudice resulting therefrom. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Frady, 456 U.S. 152, 165 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Kubicki has not shown any cause to excuse his failure to appeal, and he was not prejudiced because the claims are meritless.
 
 
 6
 Finally, we conclude that the district court properly denied Kubicki's fifth claim that defense counsel rendered ineffective assistance. Kubicki claims that defense counsel did not challenge the presentence investigation report wherein the amount of loss was calculated at a higher dollar figure than originally calculated in the plea agreement. As a result of counsel's alleged ineffectiveness, Kubicki claims he did not know he had the right to appeal his sentence. In order to establish ineffective assistance of counsel, Kubicki must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render his trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992). The performance and prejudice components of the Strickland test are mixed questions of law and fact, and thus subject to de novo review. Strickland, 466 U.S. at 698. The record clearly belies Kubicki's contention that his attorney did not contest the presentence investigation report. In fact, the record reveals that the district court adjourned the first scheduled sentencing hearing upon defense counsel's request in order to give counsel an opportunity to submit any authority supporting his contention that the probation officer had incorrectly calculated the tax loss. Thereafter, defense counsel submitted a letter outlining his argument that Kubicki should be sentenced in accordance with the plea agreement worksheets. Thus, Kubicki's contention that his attorney's ineffectiveness caused his failure to appeal and prejudiced him is meritless.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.