**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sylvester GREENE, Defendant–Appellant.**

**No. 99–2023.**

United States Court of Appeals, Sixth Circuit.

Jan. 10, 2001.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Before BOGGS and GILMAN, Circuit Judges; BECKWITH, District Judge.*

OPINION

RONALD LEE GILMAN, Circuit Judge.

Sylvester Greene appeals the sentence he received after pleading guilty to a charge of being a felon in possession of a firearm. Prior to sentencing. Greene filed a motion that his federal sentence be made concurrent with a recently imposed state sentence. The government opposed the motion, and the district court sentenced Greene to consecutive, rather than concurrent, terms of imprisonment. Greene now argues that the government violated his reasonable understanding of the plea agreement by opposing his request for concurrent sentences. For the

reasons set forth below, we AFFIRM the judgment of the district court.

I. BACKGROUND

Greene sold a loaded semi-automatic handgun and crack cocaine to an undercover agent of the Bureau of Tobacco, Alcohol, and Firearms on May 2, 1997. When he sold the handgun, he was already on probation for two state felony convictions—one for receiving and concealing stolen property and another for attempted possession of cocaine.

On April 30, 1998, a federal grand jury indicted Greene on one count of distributing cocaine base in violation of 21 U.S.C. § 841 and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922. While he was on bond for these charges, Greene assaulted and tortured a woman by burning her with a propane torch. He was subsequently convicted in a Michigan state court on October 15, 1998 for assault with intent to do great bodily harm. His prison sentence for the assault conviction was six-and-a-half to ten years.

Four months after the imposition of his state sentence for assault, Greene pled guilty to the federal charges of being a felon in possession of a firearm. The Rule 11 plea agreement provided that any sentence of incarceration would not exceed 33 months and that the count regarding the distribution of cocaine base would be dismissed. Greene, on making the plea, reserved the right to move for a downward departure at the time of the sentencing and to request the imposition of a concurrent federal sentence in light of his state probation violations and the undischarged state sentence for assault. The govern-

*The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

ment acknowledged Greene's reservations, but expressly stated that it "does not agree to either of those provisions." This acknowledgment, however, was originally mistranscribed by the court reporter as "the government does not *disagree* to either of those provisions." This error was corrected by the clerk's office on February 2, 2000.

On August 9, 1999, Greene moved for the district court to impose a concurrent sentence under U.S.S.G. § 5G1.3, which allows a court to impose either a concurrent or consecutive sentence on a defendant "subject to an undischarged term of imprisonment." The government filed a response in opposition to the motion and requested that the court instead impose a 33–month sentence consecutive to Greene's state sentence. At the sentencing hearing, Greene requested a reduction of at least eight months in his federal sentence. The government opposed this reduction and asked that the full sentence be imposed consecutively to his undischarged state sentence. The district court found no basis for Greene's request for an adjustment and, after reviewing his criminal history, imposed a 33–month term of custody "to run consecutive to all state sentences." This appeal followed.

## II. ANALYSIS

■ We will not set aside a district court's choice of imposing a consecutive or concurrent sentence under the United States Sentencing Guidelines unless we determine that an abuse of discretion has occurred. *See United States v. Devaney,* 992 F.2d 75, 77 (6th Cir.1993) (holding that the trial judge did not abuse his discretion by imposing a consecutive sentence even when he stated "I don't see how I can do that" in response to the defendant's request for a concurrent sentence). Under the sentencing guidelines, the district court has the discretion to impose a consecutive sentence "to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).

■ This court has further elaborated that a district court is acting within its discretion so long as it "makes generally clear the rationale under which it has imposed the consecutive sentences and seeks to ensure an appropriate incremental penalty for the instant offense." *United States v. Owens,* 159 F.3d 221, 230 (6th Cir.1998). The record shows that the district court based its sentence on the extensive nature of Greene's criminal acts, especially the "truly terrifying" torture of a woman. We therefore find that imposing the concurrent sentence was within the district court's discretion.

■ Greene's primary complaint on appeal, however, is not with the actions of the district court, but with the government's alleged breach of the plea agreement. In his principal brief, Greene relied on the mistaken belief that the government agreed not to oppose his motion for a concurrent sentence and, therefore, that the government breached the agreement by actively opposing his motion. Greene's error is understandable in light of the court reporter's original transcription error (subsequently corrected) and the fact that Greene was represented by different counsel on appeal than before the district court.

Once the government pointed out in its responsive brief that the correct transcription of the plea agreement showed that the government had *not* agreed to Greene's request for concurrent sentences, Greene was left with the argument that "he reasonably construed the agreement to contemplate that the government would not oppose his request for concurrent sentencing." We find no basis for such an argu-

ment. The three cases Greene cites do not support his position that "the issue is ... whether the agreement, *as reasonably understood by the Defendant,* was breached." (Emphasis in original.)

In the first of these cases, *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the issue was whether the defendant was entitled to relief when the government's breach of the plea agreement was inadvertent rather than intentional. *See id.* at 260–61 (holding that relief was required even though the breach inadvertently occurred when another prosecutor replaced the prosecutor who negotiated the plea). Both the government and defendant in *Santobello* agreed that the government had made a promise to abstain from making a sentencing recommendation. Consequently, the Supreme Court did not reach the question of whether, as Greene argues, the agreement should be interpreted "as reasonably understood by the defendant." Rather, the Court provided a more general statement that "[t]his phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is *reasonably due* in the circumstances." *Id.* at 262 (emphasis added).

The two Sixth Circuit cases cited by Greene are similarly inapposite. *See McPherson v. Barksdale,* 640 F.2d 780 (6th Cir.1981) (discussing whether the government breached the agreement by prosecuting the defendant for a particular sale of heroin, but expressly refusing to decide the issue because the defendant was barred from relief on other grounds); *Dixon v. Alexander,* 741 F.2d 121, 125 (6th Cir.1984) (urging the state government to correct a "miscarriage of justice" when the agreed-upon plea bargain contained a parole provision in contravention of a Ten-

nessee statute, but denying the request for relief on other grounds).

Here, in contrast to the cases cited by Greene, the government expressly stated that it "does not agree" to the provisions requested by Greene. We thus find no legal or factual basis to support Greene's construction of the plea agreement. In addition, the consecutive sentence imposed by the district court did not prevent Greene from receiving the full benefits of his plea bargain, because his federal sentence was indeed limited to 33 months and the charge against him of distributing cocaine base was dismissed. Consequently, the government did not violate the plea agreement by opposing Greene's motion for a concurrent sentence, and Greene has no basis to overturn his sentence.

## III. CONCLUSION

For all the reasons stated above, we AFFIRM the judgment of the district court.